Alan Kassan – State Bar No. 113864
 E-mail: akassan@kantorlaw.net
Brent Dorian Brehm – State Bar No. 248983
 E-mail: bbrehm@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:   (818) 350-6272

Attorneys for Plaintiff,
ALANA SCHNEE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA SCHNEE,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and WARNER MUSIC INC. LONG TERM DISABILITY PLAN,<br><br>Defendants. | CASE NO:<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff, Alana Schnee, herein sets forth the allegations of her Complaint against Defendants Liberty Life Assurance Company of Boston and Warner Music Inc. Long Term Disability Plan.

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is

1

predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan named as Defendant. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and postjudgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant, an employee of Warner Music Inc. Plaintiff is currently residing in the County of Los Angeles, State of California.

3. Plaintiff is informed and believes that Defendant Liberty Life Assurance Company of Boston ("Liberty Life") is a corporation with its principal place of business in the State of Massachusetts, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. Liberty Life is the insurer of benefits under the Warner Music Inc. Long Term Disability Plan, (hereinafter "LTD Plan") and acted in the capacity of a plan administrator. Liberty Life administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. Plaintiff is informed and believes that Defendant LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Warner Music Inc., under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5. The LTD Plan was renewed after January 1, 2012.

6. The LTD Plan had an anniversary after January 1, 2012.

7. The LTD Plan does not contain a valid grant of discretionary authority to Liberty Life.

8. Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

### FIRST CLAIM FOR RELIEF
### AGAINST WARNER MUSIC INC. LONG TERM DISABILITY PLAN
### AND LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
### FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF
### RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND
### ATTORNEYS' FEES AND COSTS
### (29 U.S.C. § 1132(a)(1)(B))

9. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

10. At all times relevant, Plaintiff was employed by Warner Music Inc. and was a covered participant under the terms and conditions of the LTD Plan.

11. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

12. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Liberty Life for LTD benefits under the LTD Plan. Liberty Life had previously made the determination that Plaintiff was disabled and paid short term disability benefits to May 4, 2018.

13. On May 7, 2018, Plaintiff's claim for LTD benefits was denied by Liberty Life.

14. Plaintiff appealed this determination and provided Liberty Life with overwhelming evidence of a covered LTD claim

15. On November 19, 2018, Liberty Life erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits.

16. Plaintiff appealed again, providing even more extensive and compelling evidence of a covered LTD claim.

17. On January 16, 2019, Liberty Life again erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits.

18. Defendants Liberty Life and the LTD Plan breached the Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to Plaintiff at a time when Liberty Life and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and Liberty Life had such knowledge, Liberty Life denied Plaintiff's LTD benefits;

    (b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

    (c) After Plaintiff's claim was denied in whole or in part, Liberty Life failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect Plaintiff's claim along with an explanation of why such material is or was necessary; and

    (d) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of

Plaintiff's claim.

19. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied Plaintiff's disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

20. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

21. As a proximate result of the aforementioned wrongful conduct of the LTD Plan and Liberty Life, and each of them, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

22. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

23. The wrongful conduct of the LTD Plan and Liberty Life has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce Plaintiff's rights under the terms of the LTD Plan and to clarify Plaintiff's right to future benefits under the terms of the LTD Plan.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so

long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and postjudgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: May 22, 2019          KANTOR & KANTOR, LLP

                             By:  */s/ Brent Dorian Brehm*
                                  Brent Dorian Brehm
                                  Alan E. Kassan
                                  Attorneys for Plaintiff,
                                  Alana Schnee